MELTON et ux. v. MANNING. (No. 8235.)

(Court of Civil Appeals of Texas. Dallas. Nov. 1, 1919. Rehearing Denied Dec. 6, 1919.)

1. HIGHWAYS ⬅184(3)—QUESTION FOR JURY AS TO NEGLIGENCE CAUSING INJURY.

In an action for personal injury to one of the plaintiffs resulting from collision upon a bridge on a highway between plaintiffs' surrey and team and defendant's automobile, where defendant had the right to travel on the bridge, which was too narrow for them to pass each other, and it was night, and the dust obscured the view, whether defendant negligently caused the accident was a question for the jury.

2. HIGHWAYS ⬅184(3)—CONTRIBUTORY NEGLIGENCE IN COLLISION QUESTION FOR JURY.

In view of Vernon's Ann. Pen. Code Supp. 1918, art. 820k, requiring drivers to operate motor vehicles on public highways in a careful manner with due regard to the safety and convenience of others, keeping to the right-hand side whenever practicable, whether plaintiffs suing for personal injuries could have seen defendant's automobile before driving on the bridge, which was too narrow for passing, and used due caution to prevent the collision, was for the jury.

3. TRIAL ⬅228(1)—SUBMISSION OF DIFFERENT ITEMS CONJUNCTIVELY IN MAIN CHARGE.

In a personal injury action, it is not error to submit the different items of damage conjunctively in the main charge.

4. TRIAL ⬅260(1) — REFUSAL OF REQUESTS COVERED BY INSTRUCTIONS GIVEN.

It was not error to refuse requested charges which were, in effect, the same as given in the main charge, which corresponded to the allegations in the petition.

5. APPEAL AND ERROR ⬅1068(4)—ERROR IN INSTRUCTION ON DAMAGES HARMLESS.

In an action for personal injury to a wife resulting from a collision upon a highway, the court's error in eliminating damages for a miscarriage became immaterial, where the verdict found there was no liability on the part of defendant.

Error from District Court, Hunt County; A. P. Dohoney, Judge.

Action by T. B. Melton and wife against Lon Manning. Judgment for defendant, and plaintiffs bring error. Affirmed.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

B. Q. Evans, of Greenville, for plaintiffs in error.

Clark & Sweeton, of Greenville, for defendant in error.

RAINEY, C. J. Plaintiff in error sued defendant in error to recover damages for personal injuries to his wife, and injuries to surrey and mules, alleging that—

"On the 24th day of August, 1916, while plaintiffs were coming along the public road north of Greenville, Tex., from their home, and were crossing a public bridge in and driving a pair of mules to a surrey, the defendant came meeting them in an automobile, and, instead of stopping until plaintiffs could get over and off the bridge, negligently and carelessly attempted to and did run on and over said bridge while plaintiffs were still on the bridge with their team and surrey, and negligently ran into their team and surrey, in which plaintiffs were riding, injuring the mules and surrey, causing injury to Mrs. Hattie Melton, as follows: Mrs. Hattie Melton was four months advanced in pregnancy; was very much frightened; was made very nervous, suffering great pain and mental anguish; was threatened with miscarriage; unable to work; suffered pain in her back, hips, and abdomen. The suffering continued until the 24th day of December. 1916, when she gave a premature birth to a baby. It was further alleged that since the birth of the baby Mrs. Hattie Melton had been an invalid suffering with great pain in her back, side, and abdomen, and in various portions of her body, suffering great mental anguish. That she is now a nervous wreck and will never be well again."

"Defendant, after pleading a general denial, alleged that he did not see plaintiffs on account of the dust, until they were on the bridge, and it was the duty of the plaintiffs to have discovered defendant's lights and not to have driven onto the bridge, which was too narrow for both to pass, and was therefore guilty of contributory negligence, and further that plaintiffs failed to exercise ordinary care to get relief or medical attention for his wife, which contributed to bring about the miscarriage, and was therefore guilty of contributory negligence."

A trial resulted in a verdict for defendant. The cause is before us on writ of error, and only two errors are assigned to the action of the court.

The first error assigned is:

"Because the verdict of the jury for the defendant is contrary to the law as given them in charge by the court and the great preponderance of the evidence in this cause; in that, the undisputed evidence of the plaintiffs themselves and the defendant, Lon Manning, and the witness J. N. Levins, and as shown from all the surroundings and circumstances, that the defendant, Lon Manning, negligently and without exercising ordinary care ran into and against the plaintiffs while crossing and on a bridge and injured plaintiff's surrey, harness, and mules, and caused great fright to plaintiff's wife and mental pain and anguish, and caused her to have discharge from the womb and threatened miscarriage at intervals until she gave birth to her child prematurely on the 24th day of December, 1916."

[1] The verdict was a general one, as follows: "We, the jury, find for the defendant." We are of the opinion that the verdict is not contrary to the evidence. While a verdict for either party would have been sustained by the evidence, we think the evidence warranted a finding that the defendant was not guilty of negligence, and the same was true as to the plaintiff being guilty of contributory negligence. The evidence shows that the collision took place on a narrow bridge in the road, not wide enough for two vehicles to pass each other. Defendant went upon the bridge after plaintiff had gotten upon it, and defendant ran into his mules and surrey. It was at night, and, the road being traveled by a great number of vehicles, a great amount of dust had arisen and hung suspended over the ground, and was such that defendant's light was obscured by the dust, which prevented defendant from seeing but a little way in front of the auto, and when he struck the bridge he did not see plaintiff's surrey until he was so close he did not have time to stop before running into the surrey. Not being able to see the surrey at the time of going on the bridge and having the right to travel thereon, he cannot be charged with negligence in so doing; at least, it was a question for the jury to pass upon, and, it having done so, we find, in obedience thereto, that said verdict will therefore be sustained.

We also hold that the evidence under the circumstances justifies the verdict that there was not sufficient injury shown to plaintiff or his wife to warrant a recovery.

[2] Plaintiffs' second assignment of error is as follows:

"Because the court erred in refusing to give special charge No. 1 requested by the plaintiffs, before the main charge was read to the jury as follows: 'You are charged that if you find from the evidence that defendant was negligent in running into plaintiff's surrey which caused plaintiff's wife to become frightened, and you believe that plaintiffs were not guilty of contributory negligence under the law as given you under the general charge, and if you find as the proximate result of the negligence of defendant, if any, that the plaintiff's wife suffered pain and mental anguish at the time or afterwards, and that she suffered from a discharge of the womb and a threatened miscarriage from said fright as alleged, if any, then you will find for the plaintiffs such damages as would reasonably and fairly compensate them for said injuries, if any, irrespective of any damages she may be entitled to by reason of the premature birth, if there was a premature birth.'"

The second proposition presented under this assignment, "first assignment of error," is:

"The evidence in support of the allegations of injury were conflicting as to some of them, while others were undisputed, or at least the evidence was less conflicting, and the court in his general charge having submitted all the allegations of injury to the jury conjunctively,

that is to say, plaintiff's right to recover was, by said charge, made to depend upon the proof of plaintiffs of all of his allegations as to injuries, it was the right of plaintiffs to have submitted to the jury this issue with reference to proof of any of the allegations, about which there was no dispute or where the evidence was less conflicting when a proper special charge was requested for the purpose."

On the general issues of negligence and contributory negligence and the measure of damages, the court charged the jury as follows:

"Now, if you believe from the evidence that on or about the 24th day of August, 1916, the plaintiffs, T. B. Melton and wife, while driving along the public road approaching Peniel, in Hunt county, Tex., and while in the exercise of ordinary care for their own safety, started to drive across a bridge in said road, and that the defendant, Lon Manning, who was approaching them in an opposite direction on said road, failed to stop his car until the plaintiffs should have driven off said bridge, and drove his car outo the said bridge while the plaintiffs' team and surrey were thereon, and ran his car into the plaintiffs' said team and surrey, and that this was negligence on the part of the defendant, which proximately caused the injuries to the team and surrey alleged in plaintiffs' petition, and the plaintiff Mrs. Melton at said time was pregnant, and that she became frightened and excited, and that as a proximate result of such fright and excitement, if any, she began to suffer with pains in her back and hips and to have discharges from her womb, and that as a proximate result of such collision, fright, and excitement, if any, said suffering and discharge continued until she gave birth to a child prematurely, then you will find for the plaintiffs, and assess their damages according to the rule hereinafter given you.

"Now, if you believe from the evidence that upon the occasion in question the plaintiff T. B. Melton saw the lights of defendant's car approaching before he drove on the bridge, or that he could have seen said lights by the exercise of ordinary care and drove on said bridge and undertook to drive across before the defendant's car reached the bridge, and that this was negligence on his part which proximately caused or contributed to the collision and injuries complained of, you will find for the defendant, even though you may find that the defendant was negligent in one or both of the ways referred to in the fourth paragraph hereof."

Article 820k, Vernon's Ann. Pen. Code Supp. 1918, provides, treating of the law of the road:

(2) That "the driver or operator of any vehicle in or upon any public highway in this state, shall drive or operate such vehicle in a careful manner with due regard for the safety and convenience of pedestrians and all other vehicles or traffic upon such highway, and whenever practicable shall travel upon the right-hand side of such highway. * * * *".

After getting on the bridge, neither could turn to the right in this instance, and the issue whether the plaintiff in error could have seen the approaching of the auto before driving on the bridge, and, if so, was such caution used by him to prevent the collision? This was a question for the jury which they could have determined, and we think in considering their verdict we should consider against plaintiff in error and that it should not be ignored by us.

[3] The contention that the different items of damage were presented by the main charge conjunctively is, we think, without merit.

In the cases of Railway Co. v. Word, 69 Tex. 679, 7 S. W. 372, and Railway Co. v. Brown, 78 Tex. 402, 14 S. W. 1034, it was held that it was proper to so present damages, and these cases were approved in the case of Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136.

[4, 5] We think the requested charge refused by the court is in effect the same as that given in the main charge, and the main charge corresponded in this respect to the allegations in the petition. While the special charge tells the jury to eliminate damages for a miscarriage, we think the evidence fully warranted it as it was given in the main charge. The evidence was such that, if plaintiffs were entitled to any damages, it was error for the court to have excluded the issue of miscarriage. Besides, as the jury by its verdict in effect found there was no liability, it became immaterial if there was an error in the charge on the measure of damages.

There was no objection made to the charge of the court, unless the special charge requested operates as one, and upon this question we do not decide.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes