### CITY OF VERNON v. LISMAN et al.
(No. 1089—5320.)

Commission of Appeals of Texas, Section B.
June 5, 1929.

Cook, Cook & Donaghey and L. P. Bonner, all of Vernon, and Turner, Culton & Gibson, of Amarillo, for plaintiff in error.

Berry, Stokes, Worlick & Gossett, of Vernon, for defendants in error.

SPEER, J. Mrs. Hazel Lisman, for herself and as next friend of her minor children, sued the city of Vernon to recover damages for the death of H. M. Lisman, her husband and father of the minor children, for negligence of the city. The trial court sustained a general demurrer to the plaintiff's petition, and that judgment was reversed, and the cause remanded by the Court of Civil Appeals.

The petition in great detail alleged negligence in respect to creating and maintaining in one of the public streets a hole or excavation where water drained and mud accumulated, into which the car in which the deceased was riding ran and stalled. Deceased, in assisting to extricate the car, was struck by a passing automobile and received injuries from which he died. The pertinent part of the petition which forbids any liability on the part of the city, in our opinion, is as follows:

"Plaintiffs would further allege and show to the court that on or about the 9th of December, 1926, the said H. M. Lisman, in company with two other persons, was in an automobile, which was being driven by one of said other parties, but plaintiffs are not informed which one of them, travelling West on said Wilbarger Street, intending to turn off of same into Stephens Street and proceed South, and when they reached said Stephens Street and turned into same, the automobile in which they were riding, without fault on the part of the said H. M. Lisman or the driver of said automobile, ran or slipped into the place where the sewer ditch had been excavated on Stephens Street as aforesaid, and the wheels of said automobile immediately sank into the loose mud and dirt that had been thrown into said ditch, and the same bogged down and was rendered unable to proceed further on account of the negligent and careless manner in which defendant had pretended to fill said ditch, and the negligent and careless manner in which defendant maintained said Stephens Street at the point aforesaid; that in order to extricate said automobile from the mud hole and ditch, aforesaid, it was necessary for, and the said H. M. Lisman did get out of same and pro-

ceed to the rear thereof to push and lift on said automobile and to render such assistance as was possible; and while the said H. M. Lisman was engaged at the rear of said automobile in an effort to get the same out of said mud hole and the sewer ditch aforesaid, he was, without fault or negligence on his part, struck by another automobile traveling from the West going East on said Wilbarger Street, being driven by someone unknown to plaintiff, and the impact greatly mangled and bruised his body, broke his right leg in three different places, broke his right arm, bruised and injured his head, and cut, bruised and mangled his flesh and body, and injured him internally so that he died from the effects thereof on or about the 20th of said month; that said incident took place at about seven-thirty o'clock P. M. when it was practically dark, and the same was caused by the negligence, carelessness and want of proper care on the part of defendant, its agents, servants and employés as hereinbefore alleged, and as will be further hereinafter shown."

In another paragraph of the petition the specific grounds of negligence were stated to be:

"Plaintiffs allege and show to the court that the injury to and death of the said H. M. Lisman was proximately caused by the negligence, carelessness and lack of proper care and attention of the defendant as in this petition alleged, and in the following particulars:

"(a) Defendant was negligent in excavating said ditch and placing the same in and across a portion of Stephens Street at the time and in the manner same was so excavated and placed in said street.

"(b) Defendant was negligent in not properly filling said ditch and packing the dirt back into the same so as to make said street passable, and place it back in the condition it should have been.

"(c) Defendant was negligent in allowing said ditch to remain in the condition it was after attempting and pretending to refill the same and leaving the same in a soft and boggy condition so as to cause automobiles to sink, bog down and stall therein.

"(d) Defendant was negligent in maintaining said Stephens Street at the point where said ditch was located in such condition as to allow and cause automobiles to stall and bog down in such close proximity to the narrow pavement on Wilbarger Street where the traffic was exceedingly heavy, and in allowing and maintaining a condition that would require the occupants and owners of automobiles to go upon and near the pavement on Wilbarger Street in order to extricate automobiles from said mud hole and said ditch.

"(e) Defendant was negligent in maintaining and permitting the conditions aforesaid in connection with said mud hole and ditch at the time and in the manner herein alleged when it was raining and muddy, and defendant well knew a bad and impassable mud hole would be and had been created by the conditions in which it left said ditch, and the rain and surface water accumulating in said street.

"(f) Defendant was negligent in not placing and maintaining a street light or sufficient light to enable those traveling said Stephens Street, and going from Wilbarger Street to and upon Stephens Street to see said mud hole and said ditch, and know of the presence thereof.

"(g) Defendant was negligent in not placing and maintaining at or near said mud hole and ditch a lantern, lamp light or other signal and warning so that those traveling said streets could know of the existence of the dangerous condition at said point.

"(h) Defendant was negligent in not properly grading, filling and leveling the street at said point, and in not maintaining said street in a condition in which people could safely travel said Stephens Street and pass from Wilbarger Street on to and upon Stephens Street without having to stop and go upon the pavement on Wilbarger Street."

It is apparent the death of deceased was not proximately caused by the negligence of defendant city, but was due to an efficient intervening cause; that is, the act of being struck by a passing automobile.

It is, of course, elementary that an act of negligence need not be the sole proximate cause of injury to create liability; it is sufficient if such negligence concurs or contributes with another's act, whether that other's act be negligence or not, and such is the doctrine of Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17, and the other cases cited by the Court of Civil Appeals; but here the negligence of the city did not, to any extent, proximately cause the death. It was at most only the occasion for deceased's presence in the street. The universal test of the legal conception of proximate cause, plainly stated, is whether or not the wrongdoer could reasonably have anticipated that such a consequence would follow. The whole question is thoroughly discussed in Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, which has long been considered as the last word on "proximate cause." By analogy the case of Fort Worth & R. G. Ry. Co. v. Neely (Tex. Civ. App.) 60 S. W. 282, is in point. There the railroad company negligently maintained a mudhole in a public street in Granbury. Charles Neely was thrown from the buggy in which he was riding because his horse became frightened at escaping steam from a passing engine and ran into the mudhole. It was there held that the negligence with respect to the mudhole was but passive and was not the proximate cause of Neely's injury and death. The fright of the animal and his running away was held to have been an efficient interven-

ing cause of the accident. So here the act of the driver of the passing automobile in striking Lisman was itself an efficient intervening cause of his death, whether such act was negligence or not. It adds nothing to plaintiff's case that the accident would not have happened but for the negligence of the city in maintaining the mudhole. That was true in the Neely Case. This does not make such act a proximate cause of the subsequent injury. It would be purely speculative to hold that the city ought, under such circumstances, to anticipate not only that an automobile might become stalled in the mudhole and that its driver or occupant would get out into the street and make an effort to start it, but *that another vehicle would run him down and injure him.* ·

We think the trial court was right in sustaining a general demurrer to the petition, and therefore recommend that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.