WALTER CAREY V. PURE DISTRIBUTING CORPORATION ET AL.

No. 7202. Decided February 15, 1939.
Rehearing overruled April 5, 1939.
(124 S. W., 2d Series, 847.)

*Jones & Kirkham,* of Corpus Christi, for plaintiffs in error.

The court erred in holding that the evidence fails to support the jury finding that the negligence of the driver in operating the truck with defective fasteners was the proximate cause of plaintiff's damage, because it is not essential that the truck driver foresee the precise form of injury or the particular manner in which it occurred, and the exact occurrence need not be actually anticipated as the truck driver was required only to foresee in a general way the consequence of his act. Dallas v. Maxwell, 248 S. W. 667; Texas Co. v. Brown, 82 S. W. (2d) 1101; Browning v. Beck, 73 S. W. (2d) 626.

*John C. North, R. B. King* and *Leslie S. Lockett,* all of Corpus Christi, for defendants in error.

While it is not necessary for a person to be guilty of negligence that he foresee the exact manner in which the plaintiff is injured, it is necessary that he should under all the facts of the case foresee danger of some similar injury to the plaintiff himself or to one similarly situated. 5 Tex. Jur. 672; 20 R. C. L. 45; Trinity & B. V. Ry. Co. v. Blackshear, 106 Texas 515, 172 S. W. 544.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a damage suit. It was originally filed in the District Court of Nueces County, Texas, by Walter Carey against Pure Distributing Corporation, a corporation, and one H. S. Johnson. Trial in the district court, with the aid of a jury, resulted in a verdict and judgment for Carey against both defendants for $3500.00. On appeal by the defendant to the Court of Civil Appeals at San Antonio, this judgment, as a whole, was reversed, and judgment rendered for the defendants. 97 S. W. (2d) 768. Justice Bobbitt dissented, contending that the judgment of the district court should, as a whole, be affirmed. The case is before the Supreme Court on writ of error granted on application of Carey.

Carey sued the above-named defendants for damages for personal injuries resulting both to himself and to his wife, alleged to have proximately resulted from the negligence of the defendants. The Court of Civil Appeals, by a majority opinion, held that the alleged negligence of the defendants

was, as a matter of law, too remote from the injuries of both Carey and his wife to justify a finding that such negligence was the proximate cause of such injuries. The dissenting opinion holds to the contrary. In our opinion, the facts of this case will justify a finding that the negligence of the defendants was not too remote from Carey's injuries to sustain this judgment in that regard, but that the contrary should be held as to the injuries of Mrs. Carey.

From the evidence in the record, and the finding of the jury, we are justified in concluding that the facts in this case are as follows:

On the 10th day of August, 1934, Walter Carey and his wife, Lillie Carey, were camped in the right of way of a public highway, at a point about twenty feet from the traveled portion thereof. Mrs. Carey was in their house car, and Walter Carey was outside. Attached to this house was an awning or canvas, supported at one end by the roof of the house car and at the other end by means of poles driven into the ground. On the above date, about nine o'clock in the evening, Carey was lying on a cot under the above-described awning, and Mrs. Carey was lying on a bed inside the house car. At the time, Mr. and Mrs. Carey were conversing with each other through a window in the house car. At this time, a truck owned and operated by Pure Distributing Corporation, and driven by H. S. Johnson, was being driven along and upon the highway on which the Careys were camped. When the truck arrived at a point near where the Careys were camped, a 10-gallon can of oil fell therefrom and struck the ground. When such oil can struck the ground, the top thereof blasted off and flew through the air, and struck Walter Carey while he was lying on the cot under the awning, at the place above detailed, causing a very severe head wound.

Mrs. Carey, while lying on the bed inside the house car, as above indicated, heard the noise and commotion incident to the injury to her husband, saw something fly through the air, and heard her husband say that he had been hit on the head, and that his head had been caved in. Mrs. Carey instantly concluded that her husband was being attacked, jumped up from her bed, stumbled, secured a pistol, and went to the house car door. When Mrs. Carey got to the door where she could see her husband, he was all bloody. The injury to her husband, the excitement caused by the injury, and the attendant circumstances caused Mrs. Carey, who was then three months advanced in pregnancy, to miscarry. Mrs. Carey re-

ceived no direct injuries from the oil can. All of her injuries resulted from excitement and fright caused by seeing her husband's injury, and its attendant circumstances.

With reference to the negligence of the defendants, the evidence shows the following facts:

That Pure Distributing Corporation was the owner of the truck in question; that H. S. Johnson was, at the time of the accident, the driver of such truck, and the employee of the Pure Distributing Corporation; that the truck, at the time of the accident, was being driven along the highway on which Carey and his wife were camped, in furtherance of the business of Pure Distributing Corporation in hauling its products; that the truck was hauling, among other things, six 10-gallon cans of distillate, or oil, which were loaded on the side thereof, and held in place by a sideboard; that this sideboard was held in place at each end by a fastener of some kind; that one of these fasteners was in some way defective and liable to come loose; that should such fastener come loose, there was nothing to prevent the 10-gallon oil cans, held in place thereby, from being thrown from the truck and into and onto the road; and that the defendants had knowledge of the defective condition of such fastener, and also had knowledge of the fact that should same come loose, the oil cans would be thrown into and onto the highway from the side of the truck. The facts show further that this fastener must in some way have come loose, and that one of these oil cans was thrown from the truck into and onto the public road on which the Careys were camped, resulting in the injuries above detailed.

As pertinent to this opinion, the jury found in response to questions propounded to it by the trial court:

(a) At the time of this accident, the truck in question was being operated with fasteners holding the sides of same in a defective condition.

(b) That the operation of the truck with defective fasteners was negligence on the part of the defendants.

(c) That the operation of the truck with defective fasteners was the proximate cause of the injuries suffered by Walter Carey.

(d) That the operation of the truck with defective fasteners was the proximate cause of the injuries suffered by Mrs. Carey.

(e) That the occurrence in question was not an unavoidable accident.

(f) That Mr. and Mrs. Carey were not guilty of any negligence in camping at the scene of the accident.

(g) That Walter Carey suffered damages by reason of his own injuries in the sum of $1500.00.

(h) That Walter Carey suffered damages by reason of the injuries to his wife in the sum of $2000.00.

■ It is the settled law of this State, and the law generally, that a mere showing of negligence will not justify holding the one guilty thereof liable for damages. The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of the resulting injuries. In order for it to be said that an injury proximately resulted from an act of negligence, the evidence must justify the conclusion that such injury was the natural and probable result thereof. In order to justify such a conclusion, the evidence must justify a finding that the party committing the negligent act ought to have foreseen the consequences thereof in the light of the attendant circumstances. Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 38 S. W. 162; Union Stock Yards v. Peeler (Com. App.), 37 S. W. (2d) 126; Paris & G. N. Ry. Co. v. Stafford (Com. App.), 53 S. W. (2d) 1019. In spite of the above rules of law, it is not required that the particular accident complained of should have been foreseen. All that is required is "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." San Antonio & A. P. Ry. Co. v. Behne, 231 S. W. 354.

■ Measured by the foregoing rules of law, we think it ought to be held that the facts of this case justify the verdict of the jury in Carey's favor for the damages resulting to him on account of his own personal injuries. The evidence shows that the defendants knew that the fastener holding the side-board of this truck was defective. They also knew, or ought to have known, that should such fastener come loose the cans of oil on the side would be thrown from the truck, and into or onto the roadway along which it was traveling. Certainly a jury was justified in finding that a prudent person ought to foresee that an oil can of this kind, and contents, suddenly propelled from the side of a moving truck along a highway would be liable to injure some person also using or occupying such highway. In order to constitute the owner and the driver of this truck liable for the injuries sustained by Walter Carey,

they did not have to foresee that his injuries would occur in the exact way in which they did occur. It was only necessary that they should foresee that if this oil can should be thrown from this truck in the way and manner that it was, the natural and probable result would be to injure some person using such roadway. It is true that the oil can itself did not strike Walter Carey after being thrown from the truck, but merely the top thereof struck him after being blasted from the oil can. The top, however, was caused to be blasted from the can by the combined effects of the can striking the ground and the explosive substance contained therein. Defendants knew, or ought to have known, that if this oil can was thrown violently against the ground its top was liable to be blasted off. It must follow that they are liable for the injuries the top caused to Walter Carey to the same extent they would have been had the can itself struck and injured him.

As already indicated, the injury to Mrs. Carey resulted alone from fright, in the manner and way, and under the circumstances above detailed. As to her, we think her injuries were too remote from defendants' negligence to meet the above-mentioned rules of law. In other words, we think it can hardly be said that the owner and the driver of this truck ought to have foreseen injuries such as Mrs. Carey received.

The judgments of the Court of Civil Appeals and the District Court are both reversed and set aside, and the judgment is here rendered for Walter Carey for $1500.00, being the amount of damages found by the jury resulting from his own personal injuries. Judgment is denied for the injuries received by Mrs. Carey. The defendants in error will pay all costs in the district court and in this Court. Plaintiff in error will pay all costs of appeal to the Court of Civil Appeals.

Opinion delivered February 15, 1939.

Rehearing overruled April 5, 1939.