## LONE STAR GAS CO. v. FOUCHE.

### No. 14720.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 26, 1945.

Rehearing Denied Nov. 30, 1945.

Thompson, Walker, Smith & Shannon and John A. Kerr, Jr., all of Fort Worth, for appellant.

Simpson & Simpson, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is a damage suit arising out of a collision between an automobile driven by appellee and a truck owned by appellant. Trial to a jury resulted in a judgment in favor of plaintiff, the appellee here, in the sum of $15,234.

Under the first of their two points of error appellant asserts that the undisputed evidence shows that appellee was guilty of contributory negligence in failing to keep a lookout in the direction he was traveling.

The collision occurred in the early morning, while it was still dark, on December 24, 1943. Defendant's truck was what is often referred to as a small pick-up. The cab was about six feet high from the ground. The body consisted of a small bed with sides a foot or more in depth. On the morning in question, defendant's truck was proceeding north across a viaduct in the city of Fort Worth. As the truck went over the crest of the viaduct, and started down the north slope, it skidded in such manner that it stopped with its front end near the east curb, and with the rear end of the truck at or near the center of the roadway. The truck was left standing in an east-west position—in other words, cross-wise of the street. Shortly thereafter, plaintiff drove north across the viaduct in his automobile, and collided with the parked truck. The jury found the truck driver guilty of negligence in failing to move his truck before the collision occurred, and in failing to give plaintiff warning of the presence of the truck. No complaint is made here of these findings of the jury, although, as will be noted later, appellant contends that there is no evidence to support the finding of the jury that the negligence of its driver was a proximate cause of the injuries suffered by plaintiff.

Plaintiff testified that as he drove up the south slope of the viaduct the light from his car lamps was elevated in such manner, by reason of the slope of the viaduct, that he did not see the truck until he went over the crest and started down the north slope, and that it was then too late to avoid the collision. Appellant seeks to demonstrate, by elaborate engineering drawings, by testimony of engineers, and by photographs, that plaintiff's testimony is necessarily inaccurate, in that the slope of the viaduct was such that the lights

from plaintiff's car would have been cast upon the truck when the plaintiff was from 150 to 200 feet away from the truck. In other words, appellant argues that its truck must have been in plain view of plaintiff, and that plaintiff's failure to see it sooner must, as a matter of law, have been the result of a failure on the part of plaintiff to keep a lookout in the direction he was traveling.

Plaintiff testified that at the time of the collision, and immediately prior thereto, it was raining, sleeting, misting, and foggy.

Much has been written concerning contributory negligence in cases where the plaintiff has collided with a truck or other vehicle parked in the road. We have had occasion to consider such cases fairly recently. Pope v. Clary, Tex.Civ.App., 161 S.W.2d 828, writ refused for want of merit; Lackey v. Moffett, Tex.Civ.App., 172 S.W.2d 715. In both cases we declined to hold that the evidence showed contributory negligence as a matter of law. Perhaps there is no clearer statement as to the conflict of authority, and as to the trend of the Texas decisions, than the following:

"While appellant submits an impressive array of authorities drawn from various jurisdictions holding that contributory negligence barring recovery is present when one drives an automobile at such speed that it may not be stopped within the distance that objects can be seen ahead of it at a time when the driver's vision is limited or impaired by reason of darkness, fog, or other atmospheric condition or the presence of smoke, or by blinding headlights, it is also true that there are numerous equally respectable authorities holding that in such cases the question of proximate cause is for the jury. See Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586, et seq., and Peasley v. White, 129 Me. 450, 152 A. 530, 73 A.L.R. [1017], 1020 et seq. The rule that the question of proximate cause is for the jury prevails in Texas, and we would be out of harmony with the trend of judicial decision in this State and, as we construe them, with the pronouncements of our own Supreme Court, if we should hold that, as a matter of law, Mrs. Simmons was required to foresee that her roadway would be obstructed by one or more trucks or other vehicles parked therein without lights and in violation of law, or by any similar obstruction which would produce results like unto those that caused her injuries. Tarry Warehouse & Storage Co. v. Duvall [131 Tex. 466], 115 S.W.2d 401, reversing, Tex.Civ.App., 94 S.W.2d 1249; Ambercrombie Co. v. Delcomyn, Tex.Civ.App., 116 S.W.2d 1105; Melton v. Manning, Tex.Civ.App., 216 S.W. 488; Swiff v. Michaelis, Tex.Civ.App., 110 S.W.2d 933; citing Pennington Produce Co. v. Wonn, Tex.Civ.App., 49 S.W.2d 482. Swiff v. Michaelis, supra, is directly in point." Western Development Corp. v. Simmons, Tex.Civ.App., 124 S.W.2d 414, 416, writ refused.

In addition to the above case, and the other cases cited in said opinion, see also McCullough Box & Crate Co. v. Liles, Tex.Civ.App., 162 S.W.2d 1055, and Oil City Iron Works v. Stephens, Tex.Civ. App., 182 S.W.2d 370.

Even if we accept the argument of appellant that the physical facts show without dispute that the contour of the viaduct is such that the lights of appellee's car would have shone on the truck while appellee still was far enough away to stop, it is to be remembered that it was raining, sleeting, misty and foggy. We cannot, after comparing the facts in the case before us with the facts in the cases above referred to, sustain the contention that the undisputed evidence shows contributory negligence as a matter of law.

Several cases are cited by appellant, but they may be distinguished from the case on appeal, and from those above cited.

In Aranda v. T. & N. O. R. Co., Tex. Civ.App., 140 S.W.2d 236, writ dismissed, correct judgment, the jury found that plaintiff was guilty of contributory negligence, the contention made on appeal being that the evidence showed without dispute that he was not. It was the opposite of the situation now before us.

In Galveston Truck Line Corp. v. Moore, Tex.Civ.App., 107 S.W.2d 426, writ dismissed, the trial court, without a jury, found contributory negligence.

In Standard Paving Co. v. Webb, Tex. Civ.App., 118 S.W.2d 456, 457, a truck was left parked on a highway then undergoing construction. The highway work had not been turned over to the Highway Department at the time of the collision. On each side of the road at the beginning of the improvement project were signs reading, "Warning—Drive Carefully—Road Under Construction." Plaintiff testified that he

had seen the warning signs, but had not paid any attention to them. The court, in an opinion written on motion for rehearing, pointed out that the distinction between the case then on appeal and those holding that the question of contributory negligence was one for the jury was the absence of any testimony by the plaintiff to explain why he did not discover the truck until it was too late to avoid the collision.

Texas & N. O. R. Co. v. Wagner, Tex. Civ.App., 224 S.W. 377, is distinguishable from the case on appeal by reason of the fact, if for no other reason, that the accident there involved occurred in the daytime.

█ It cannot be doubted, after a review of many decisions, that there is a divergence of opinion as to the contributory negligence of a driver who fails to discover an object in the road within time to stop, whether it be at night or during the daytime, in clear weather or foul, on a straight road or a curve, or beyond the crest of a hill, but the trend of decisions in Texas is unmistakable. The issue is usually one for the jury to determine.

█ The contention under the second point of error is to the effect that the undisputed evidence shows that plaintiff's injuries were sustained from being struck by an automobile driven by a third party, and were not the proximate result of any act of negligence on the part of appellant's driver.

It appears from the evidence that the surface of the viaduct on the north slope was coated over with ice, but that ice had not yet begun to form on the south slope, at the time of the collision. It was this ice that caused appellant's truck to skid and turn into the curb. When plaintiff's automobile collided with the truck plaintiff's wife was thrown forward, and partly under the dash of the car. Plaintiff looked in his rear view window to see if another car was approaching from the rear, saw none, and quickly got out of his left door in order to run around his car and assist his wife in getting out of the car. Just after he got out of his car, and closed the door, he was struck by another car going north. It was here that plaintiff received severe and painful injuries, including fractures of both legs. He testified that he was hit by the second car only a few seconds after he collided with appellant's truck. Appellant argues that plaintiff's injuries were thus caused by a new and independent agency, and not by any negligence of the driver of the truck.

Appellant especially relies on the case of City of Vernon v. Lisman, Tex.Com.App., 17 S.W.2d 769. There a motorist drove his car into a hole in a street, allegedly created and maintained by the defendant. While attempting to extricate his car from the hole in the street, the motorist was struck by a passing automobile, and received injuries from which he died. It was held, in an opinion by the Commission of Appeals, that the death of the motorist was not proximately caused by the defendant, but by an efficient intervening cause, to-wit, the act of being hit by a passing automobile. Appellant urgently insists that the situation before us is parallel to that in the Lisman case. It seems to us that there is a vital distinction between the two cases. In the Lisman case the motorist drove into the hole, and made his way out of his car, that is to say, out of any position of immediate peril, without injury to himself. Whatever damage had resulted from driving into the hole was then completed. The motorist then suffered another damage from an entirely independent source. But in the case before us the plaintiff was still in the act of removing himself from his car, in a manner not claimed in this court to have been negligent, when he was struck by the passing car. He was still acting in an emergency when he was hit. Both he and his wife were still in a position of peril which had been brought about by the negligence of appellant's driver. A person chargeable with foreseeing an automobile collision would surely be chargeable with foreseeing that the first thing an occupant of one of the colliding cars would do would be to remove himself from his car. Appellant's driver knew that his truck blocked the lane used by northbound traffic. He knew the condition of the weather, and of the slippery condition of the pavement. He could reasonably have foreseen that a northbound car would strike his truck, that a driver of such car would probably, as his first act, seek to remove himself from his car, and that in the situation then existing, he might be struck by another passing car. If the plaintiff had safely got out of his car, and into a position of safety, and then had gone into the street for the purpose of examining his car, or for any other purpose, we might have a case like the Lisman case. In our opinion, the chain of causation here is at

504

least as strong as that in Missouri-Kansas-Texas R. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474. There a pedestrian was killed near a railroad crossing. The railroad company was guilty of negligence in blocking the crossing with its freight train. While the pedestrian was waiting near the crossing, an automobile approached the crossing. The automobile skidded into the pedestrian, causing his death. The Supreme Court held that there was sufficient evidence to justify the jury in finding that the railroad company was negligent, and that it ought to have foreseen that a pedestrian might be injured in the way the pedestrian in the case was injured, or in some similar way. In our opinion there is as much reason to hold in the case now before us that the defendant might reasonably have foreseen that a motorist might collide with its parked truck, and that the motorist might be injured by passing traffic, in view of the surrounding circumstances, in an attempt to leave his wrecked car.

Other cases involving the question of proximate cause might be cited, such as Atchison v. T. & P. R. Co., Tex.Sup., 186 S.W.2d 228; Kimbriel Produce Co. v. Mayo, Tex.Civ.App., 180 S.W.2d 504, writ refused for want of merit; and Fort Worth & D. C. R. Co. v. Westrup, Tex.Com.App., 285 S.W. 1053; but we believe that the holding in the McLain case, supra, is sufficient authority for upholding the verdict in the case now on appeal.

The judgment of the trial court is affirmed.