**HEAVY HAULERS, Inc., Appellant,**

v.

**Emma A. NICHOLSON, Appellee.**

No. 12768.

Court of Civil Appeals of Texas.

Galveston.

March 3, 1955.

Rehearing Denied April 14, 1955.

Fulbright, Crooker, Freeman, Bates & Jaworski, and Jerry V. Walker, Houston, for appellant.

Blakeley & Williams, and Carey Williams, Houston, for appellee.

PER CURIAM.

The record in this case presents a question as to the appellate jurisdiction of this Court, which requires determination though not raised by point of error. The suit was filed in the County Court at Law of Harris County by Emma A. Nicholson, seeking a joint and several judgment against Heavy Haulers, Inc., Hugo C. Werner, and Frank Walker for damages alleged to have been sustained as a result of collisions between trucks owned or operated by the defendants and an automobile owned and operated by plaintiff. Trial was before a jury, and after receipt of verdict, judgment was entered that plaintiff take nothing against Hugo Werner, and that plaintiff recover judgment against Heavy Haulers, Inc. for the sum of $771.15. No mention is made in the judgment of the defendant Frank Walker, and plaintiff's asserted cause of action against him is in no manner disposed of, either expressly or by necessary implication. Such a judgment is not a final judgment from which an appeal will lie. Therefore, this Court is without jurisdiction to do other than dismiss the appeal. Latshaw v. Barnes, Tex.Civ. App., 170 S.W.2d 531.

Appeal dismissed.

On Motion for Rehearing.

HAMBLEN, Chief Justice.

This suit for property damage arose out of a collision between a Hudson automobile owned and driven by appellee Emma A. Nicholson, and a truck owned by appellant Heavy Haulers, Inc. and driven by its employee, John A. Simmons, and a collision between appellee's Hudson automobile and a truck owned by Hugo C. Werner and driven by Frank Walker. The latter two individuals were named as defendants in the trial court. Trial in the County Court at Law of Harris County, before a jury, resulted in a judgment in favor of appellee and against the appellant for the sum of $771.15, and a judgment that appellee take nothing against Hugo C. Werner. On this appeal, no complaint is made by either litigant of the take nothing judgment as to Hugo C. Werner.

Because the judgment of the trial court entered on April 30, 1954 failed to dispose of the defendant Frank Walker, this Court held that the same was not a final appealable judgment, and on February 3, 1955 dismissed the appeal therefrom. By supplemental transcript received by this Court with appellant's motion for rehearing on February 15, 1955, it is made to appear that on February 4, 1955, the trial court, after due notice to all interested parties, and upon the joint application of appellant and appellee, entered its nunc pro tunc judgment, reciting the inadvertent omission in the decree of April 30, 1954 of the order made by the court dismissing the cause of action as to the defendant Frank Walker, and proceeding thereupon to recite such dismissal on February 4, 1955 as of April 30, 1954. Such nunc pro tunc judgment evidences a final judgment of the trial court, and this Court accordingly sets aside its order of dismissal heretofore entered, and within the provisions of Rule 306c, T.R.C.P. considers the appeal heretofore perfected as an appeal from the judgment as reflected by such nunc pro tunc decree.

The facts giving rise to this litigation are agreed by the litigants to be substantially as follows: At about 12:00 noon on June 12, 1951, appellant's truck was proceeding west on Highway 90 toward the City of Houston. When about 20 miles east of Houston, a heavy deluge of rain occurred, which reduced visibility to from 150 to 200 feet, and which drowned out the engine of the truck. The truck stopped in the north half of the paved portion of the highway, and so remained at all times material. Shortly thereafter, appellee also proceeding toward Houston, collided with appellant's truck. This collision was a glancing blow, the right rear portion of appellee's automobile striking the left rear portion of appellant's truck. The automobile thereupon travelled to its left, or south, off of the pavement, across the shoulder of the highway, across the drainage ditch, and came to rest at a fence marking the south boundary line of the highway right of way. Some one to five minutes there-

after, the truck owned by Hugo C. Werner, collided with the appellee's automobile. The only evidence relative to this second collision, consisted of the testimony of appellant's driver, who testified to seeing the second truck travelling west when it was approaching the rear of his truck. When the appellant's driver saw the second truck, it was crossing the black stripe marking the center of the pavement. From that point it proceeded off of the pavement on the south side, across the shoulder, across the ditch, and into the rear of appellee's automobile. The second truck did not strike appellant's truck. This second collision admittedly caused most of the damages to appellee's automobile. As appellee states in her brief: "According to the uncontroverted evidence the damage resulting from the first collision was minimal. The serious damages apparently resulted from the second collision." It was stipulated that appellee's automobile was damaged to the extent of $771.15.

In response to special issues, the jury acquitted appellee of any asserted act of contributory negligence, and found the accident not unavoidable. The judgment rests upon the findings of the jury in response to issues 1 to 4, inclusive, which were as follows:

"No. 1

"Do you find from a preponderance of the evidence that John A. Simmons stopped, parked and left standing the truck of the defendant Heavy Haulers, Inc. upon the main traveled part of the highway when it was possible to stop, park or leave such vehicle off such part of such highway?

"No. 2

"Do you find from a preponderance of the evidence that such action on the part of John A. Simmons, if you have so found, was a proximate cause of the damages to plaintiff's automobile?

"No. 3

"Do you find from a preponderance of the evidence that John A. Simmons

left the Heavy Haulers, Inc. truck disabled upon the traveled portion of the highway when there was not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet?

"No. 4

"Do you find from a preponderance of the evidence that the action of John A. Simmons in leaving the Heavy Haulers, Inc., truck disabled upon the traveled portion of the highway when there was not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet, if you have so found in answer to the preceding issue, without immediately displaying a red burning fusee or a red burning electric lantern on the side of the truck was a proximate cause of the damages to plaintiff's automobile?

"All of such issues were answered 'We do'."

Before the case was submitted to the jury, appellant moved for an instructed verdict. After receipt of the verdict, appellant moved for judgment non obstante veredicto. The action of the trial court in overruling such motions forms the basis of appellant's points one to three, inclusive. By points four to seven, inclusive, he complains that issues 2 and 4 above are duplicitous, vague and indefinite. We are of the opinion that under the record before us, appellant's points one to three are well taken, and that because of the error therein stated, the judgment of the trial court must be reversed and judgment here rendered in favor of appellant. This conclusion renders unnecessary any discussion of appellant's remaining points.

■ No question is here raised as to the evidentiary support for the findings of negligence in response to special issues one and three above. As we see it, and as is argued by appellant, the question presented is whether that negligence, unaided by any evidence other than that heretofore stated, was a proximate cause of the second collision which admittedly caused all but a minimal part of the total damage suffered. We think that it was not.

The legal concept of proximate cause has been the subject of many authoritative discussions by courts of this state, to the extent that further discussion here is unnecessary. We have carefully examined the extensive treatment of the subject by Chief Justice Gaines, in Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, which has probably been referred to more often in this state than any other single decision wherein the question is discussed. When the rules therein set forth, which have been so consistently thereafter followed, are applied to the facts in the present case, the question to be determined is whether, on the one hand, the negligence of the appellant's driver, in a natural and continuous sequence, caused the damage resulting from the second collision, or whether, on the other hand, the second collision constituted a new and independent cause, breaking the connection between the negligent acts and the damaging event. To support the first premise, it is necessary to hold that a person of ordinary prudence, under the circumstance in which appellant's driver was after the first collision, should reasonably have anticipated and foreseen that the second collision, or a similar event, would probably occur. Appellant's liability can be supported on no other basis, for the reason that in so far as this record is concerned, we know only that the second collision happened. The record is otherwise silent concerning the actions of the second truck.

As we view it, this record supports the conclusion that the negligence of appellant's driver in stopping on the highway, proximately caused appellee to collide with the truck, resulting in some damage to appellee's automobile, the extent of which is unknown, but which is admittedly "minimal", and further resulted in appellee's automobile being placed in the position in which it came to rest. In that position, the undisputed testimony, supported by undisputed photographs, shows that her vehicle

was more than a car length removed from the nearest point of the paved portion of the highway. After the second truck collided with her automobile, that truck rested in the drainage ditch fully a truck width removed from the pavement. We find it entirely unreasonable to say that appellant's driver should have anticipated and foreseen that this second collision, or some similar event would probably occur. Therefore, the negligent acts of appellant's driver were not the proximate cause of the second collision. City of Vernon v. Lisman, Tex. Com.App., 17 S.W.2d 769; Union Stockyards v. Peeler, Tex.Com.App., 37 S.W.2d 126; Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019; Wester v. Smith, Tex.Civ.App., 213 S.W.2d 550.

We consider this case to be clearly distinguishable from Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501. In that case, the original negligence of the defendant proximately caused plaintiff to collide with defendant's truck. Plaintiff's automobile came to rest, as a result of such collision, in the lane of the street normally travelled by north bound traffic, and was thereafter struck by another vehicle travelling in that lane; a result which the court holds to be a foreseeable event.

It is admittedly possible in the present case, that the negligence of appellant's driver was the cause of the damage suffered by appellee as a result of the second collision. But it is likewise possible, and equally probable, that the second collision resulted from causes not connected with the actions of appellant's driver. Where circumstances are equally consistent with the existence and nonexistence of an ultimate fact sought to be established, such circumstances are wanting in probative force as any evidence tending to establish the existence of the ultimate fact. Perren v. Baker Hotel of Dallas, Tex.Civ.App., 228 S.W.2d 311; General Accident Fire & Life Assurance Corporation, Limited, v. Perry, Tex. Civ.App., 264 S.W.2d 198.

Lacking foreseeability the burden was upon appellee to prove a causal connection between the negligence of appellant's driver, and the damage for which she sought recovery. That burden was not met.

For the reasons which we have stated, appellant's motion for rehearing is granted, our former judgment of dismissal set aside, and judgment of the trial court is reversed and here rendered in favor of appellant.

GRAVES, J., dissenting.

GRAVES, Justice (dissenting).

Appellant's statement of the nature and result of this cause below has been acquiesced in by the appellee, with the addition of a detail or two, noted by her, and is as follows:

"This is a suit for property damage, arising out of a collision involving appellee-plaintiff, Emma A. Nicholson's automobile, and appellant-defendant, Heavy Haulers, Inc.'s truck, and also arising out of a collision involving appellee's automobile, and a truck belonging to Hugo C. Werner, and operated by Frank Walker the last two-named individuals being defendants in the trial court.

"Upon a trial to a jury, judgment was rendered for appellee Nicholson against appellant Heavy Haulers, Inc. (in the sum of $771.15) and (that she take nothing against) Hugo C. Werner.

"Appellant's motion for instructed verdict, motion for judgment notwithstanding the verdict, and motion for new trial, were duly presented to the trial court, and by it overruled. Appellant's objections to the charge of the court were duly presented to the trial court, and by it overruled, and this cause was regularly brought to this Court for review on appeal."

In other words, this was a two-collision case, that is, appellee's auto was allegedly hit twice on the occasion involved, first by the truck belonging to the corporation, Heavy Haulers, Inc., and second—a short while later—by a truck belonging to the individual person, Hugo C. Werner; but the trial court rendered judgment for

Werner, and he passed out of the case, neither side to this appeal having complained of that action.

Since the $771.15 amount of the damages awarded appellee was stipulated between the parties nothing is presented for review here, except what the appellant, Heavy Haulers, Inc., thus, in clear-cut statement, reduced its several points of error to, to-wit: "* * * appellee Nicholson has not discharged the burden of showing that her damages were proximately caused by appellant, and that the charge of the Court was erroneous in that it assumed facts in dispute and the two proximate-cause issues predicated on acts of primary negligence were duplicitous and multifarious and confusing to the jury."

It is held that appellant's contentions should be overruled, in substance, for these, among other, counter-considerations: (1) As this member of the Court reads the record and the statement of facts, the evidence the trial court heard concerning the chain of proximate causation between appellant's negligence on the one hand, and the appellee's damage on the other, was clearly sufficient to raise a jury issue in favor of the appellee's charges of negligence against the appellant's truck driver. Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847. (2) The record, as this member of the Court reads it, fails to show that the objections to the court's charge appellant so claims it made under its 4th and 6th points of error were reduced to writing, and at the time brought to the attention of the trial court. Wherefore, they were waived. Rules 272 and 274, T.R.C.P.; Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501, error refused, w. m. (3) Special Issues Nos. 2 and 4, of the court's charge, were not vague, indefinite, and confusing, as charged by the appellant. Those issues, in substance, were these:

"No. 2

"Do you find from a preponderance of the evidence that such action on the part of John A. Simmons, if you have so found, was a proximate cause of the damages to plaintiff's automobile?

"Answer 'We do' or 'we do not'.

"No. 4

"Do you find from a preponderance of the evidence that the action of John A. Simmons in leaving the Heavy Haulers, Inc., truck disabled upon the traveled portion of the highway when there was not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet, if you have so found in answer to the preceding issue, without immediately displaying a red burning fusee, or a red burning electric lantern on the side of the truck was a proximate cause of the damages to plaintiff's automobile?

"Answer 'We do' or 'We do not'."

It seems to me too clear for extended argument that the jury could not have failed to understand that under these issues—especially in the light of the preceding ones, and the court's directions concerning them—before they could give an answer in favor of the appellee to these two issues Nos. 2 and 4, they must have first found that the negligence of the appellant's driver had caused all the damage resulting from both the collisions referred to and described supra.

The record further appears to show that when the counsel for appellant objected to these quoted special issues Nos. 2 and 4, the trial court offered to further particularize the language of them, which proffer appellant's counsel refused. It would seem, therefore, that no belated objection thereto should be considered upon the appeal.

Further discussion is deemed unnecessary, since these conclusions are thought to determine the merits of the appeal. They require that the judgment should be affirmed. This protest that it is not so ordered, is respectfully entered.