### J. A. ARNOLD v. McNINCH & RANEY.

Decided June 26, 1909.

**Injunction—County Court—Jurisdiction.**

A County Court is without jurisdiction to enjoin a judgment of a Justice Court when the amount in controversy is within neither the original nor appellate jurisdiction of the County Court.

Appeal from the County Court of Erath County. Tried below before Hon. W. J. Thompson.

*Carter & Thompson,* for appellant.

*W. H. Garrett,* for appellee.

CONNER, CHIEF JUSTICE.—Upon the petition of appellees the county judge of Erath County, Texas, on the fifth day of August, 1908, granted a prayer for an injunction restraining J. A. Arnold, a constable of one of the precincts of that county, from an alleged

threatened levy upon appellees' property. It was alleged in substance that the execution had been issued by a justice of the peace of. precinct number one in Dallas County by virtue of a judgment against McNinch & Raney for the sum of eighty-seven dollars and thirty-five cents, together with costs in the further sum of seven dollars and forty cents; that in the suit in which the judgment had been rendered the said defendants therein had appeared and interposed their plea of privilege (which was attached to the petition for injunction as an exhibit, and which appeared to be in all things sufficient) to be sued in precinct number two of Erath County, where they resided; that said plea was "proved and not controverted in said court;" that the justice of the peace "in open court wilfully and knowingly overruled said pleas of misjoinder and privilege, and rendered judgment" against the plaintiffs in the injunction suit on or about June 4, 1908, for the sum of eighty-seven dollars and thirty-five cents principal and seven dollars and forty cents costs, "and failed and refused to give plaintiffs notice of the action of said court." At the September term of the County Court the injunction suit came on for hearing, and the court on October 1, 1908, rendered a final judgment perpetuating the temporary injunction that had been issued, and from this latter order or judgment this appeal has been prosecuted.

Without considering the insufficiency of the petition, we think the judgment must be reversed and the cause dismissed on the ground that the County Court was without jurisdiction to issue the injunction. In the case of Foust v. Warren, 36 Texas Civ. App., 59, we held that the Justice's Court had not been clothed by the Constitution or laws with the power to issue writs of injunction and to determine issues dependent thereon, and proceeded on the assumption that the District Court might in a proper case properly issue and determine the issues in a suit to enjoin the judgment of a justice of the peace. This jurisdiction of the District Court, however, is that which arises under what is frequently termed the residuary clause of section 8, article 5, of our amended State Constitution. See Allen v. Parker County, 23 Texas Civ. App., 536. But exclusive original jurisdiction of the County Court is limited by the Constitution to cases where the amount in controversy exceeds two hundred dollars and does not exceed five hundred dollars. See Lazarus v. Swafford, 15 Texas Civ. App., 367; Bigby v. Brantley, 38 Texas Civ. App., 44; State ex rel. Johnson v. Hanscom, 90 Texas, 321; Dean v. State, 88 Texas, 295; Wheeler & Wilson Mfg. Co. v. Whitener, 2 Willson's Texas App. Civ. Cases, sec. 15. The latter case is directly in point, it there being expressly held that the County Court was without jurisdiction to enjoin a judgment of a Justice's Court.

In the case before us the County Court had neither original nor appellate jurisdiction of the amount in controversy, which was manifestly the amount of the justice's judgment, there being no actual levy and the object of the suit being to wholly stay the operation of the judgment.

It is ordered that the judgment be reversed and that the writ of injunction be dissolved and the suit dismissed.

*Reversed and dismissed.*