KNIGHT v. ARMSTRONG.

(Court of Civil Appeals of Texas. Texarkana. Dec. 18, 1913. Rehearing Denied Jan. 8, 1914.)

1. MANDAMUS (§ 141*)—JURISDICTION—COUNTY COURT—NATURE OF CONTROVERSY.

A suit in the county court for mandamus to compel a justice of the peace rendering judgment for $79.65 to grant an appeal, and to make a transcript of the case to the county court, if treated as a suit invoking the original jurisdiction of the county court, is not within its jurisdiction which is confined to cases where the matter in controversy exceeds $200 and does not exceed $1,000.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 276–278; Dec. Dig. § 141.*]

2. APPEAL AND ERROR (§ 20*)—JURISDICTION OF COURT OF CIVIL APPEALS.

The Court of Civil Appeals does not acquire jurisdiction by an appeal from the county court, where that court had no jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

3. APPEAL AND ERROR (§ 45*)—JURISDICTION —COURT OF CIVIL APPEALS.

A suit in the county court for mandamus to compel a justice of the peace rendering judgment for $79.65 to allow an appeal and to make a transcript to the county court if treated, as it must be, as invoking the appellate jurisdiction of the county court, is within Rev. Civ. St. 1911, art. 1589, providing for appeals from the county court only when the amount in controversy or the judgment rendered exceeds $100, and an appeal does not lie to the Court of Civil Appeals from a judgment of the county court denying relief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 152–155, 157, 158, 172–176, 178–184, 186–197; Dec. Dig. § 45.*]

Appeal from Titus County Court; Sam Porter, Judge.

Action by S. F. Knight against L. H. Armstrong. From a judgment denying relief, plaintiff appeals. Dismissed.

Ralston & Ralston and Ward & Ward, all of Mt. Pleasant, for appellant. I. N. Williams and T. C. Hutchings, both of Mt. Pleasant, for appellee.

WILLSON, C. J. One Edmonds, claiming appellant was indebted to him in the sum of $79.65, sued appellant in a justice court and recovered judgment against him for that sum. Having given notice of an appeal to the county court, appellant, within the time allowed by law, filed with appellee, the justice of the peace who rendered the judgment,

his affidavit, in lieu of an appeal bond, that he was unable to pay the costs of an appeal or to give security therefor. The truth of this affidavit having been contested before appellee as such justice, he, after hearing the testimony offered, refused to grant the appeal, and refused to make and send to the county court a transcript from his docket of the proceedings had before him, together with the original papers in the case. Thereupon appellant petitioned said county court for a writ of mandamus directing appellee to make such a transcript and send same and said original papers to said county court. This appeal is from a judgment of said county court denying appellant such relief.

[1-3] Because this court is without power to hear and determine it, the appeal must be dismissed. If the suit for the mandamus should be treated as one invoking the original jurisdiction of the county court, clearly that court could not have entertained it, for its original jurisdiction was confined to cases where the matter in controversy exceeded $200 and did not exceed $1,000. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Arnold v. McNinch, 56 Tex. Civ. App. 555, 121 S. W. 904. As, viewed from that standpoint, the county court would have been without power to hear and determine it, this court, of course, by appeal to it, would not acquire jurisdiction. If, as we think it must be, the suit should be treated as one invoking the appellate jurisdiction of the county court, then its determination of it was final so far as this court is concerned, for it has jurisdiction of appeals from that court only "when the judgment, or amount in controversy, or the judgment rendered," exceeds $100, exclusive of interest and costs. Article 1589, R. S. 1911; Mask v. Louisiana & Texas Lumber Co., 145 S. W. 299.

The appeal is dismissed.