EPPLER et al. v. HILLEY. (No. 7900.)

(Court of Civil Appeals of Texas. Ft. Worth. March 28, 1914.)

1. COURTS (§ 169*)—COUNTY COURT—JURISDICTION—AMOUNT INVOLVED.

Where a justice court judgment in a garnishment case, including costs and attorney's fees, exceeded $200, and was less than $500, the county court had jurisdiction to determine its validity in a suit to enjoin its collection.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. JUSTICES OF THE PEACE (§ 87*)—ENJOINING COLLECTION OF JUDGMENT.

A party to a garnishment proceeding in justice court, who appeared and controverted the truth of the garnishee's answer, was bound by the judgment, and could have errors reviewed only by appeal or writ of error, and not by a suit to enjoin collection of the judgment, where the judgment was not absolutely void.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 295–305; Dec. Dig. § 87.*]

3. JUSTICES OF THE PEACE (§ 87*)—ENJOINING COLLECTION OF JUDGMENT.

A justice court judgment in a garnishment case was not void because of an alleged defect in the service of the citation in the original suit, since the validity of the judgment in that suit was in issue and determined in the garnishment case, and hence collection of the garnishment judgment could not be enjoined.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 295–305; Dec. Dig. § 87.*]

4. COURTS (§ 120*)—COUNTY COURT—JURISDICTION—AMOUNT INVOLVED.

The county court had no jurisdiction to determine the validity of a justice court judgment for less than $200 in a suit to enjoin its collection.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 120.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by S. F. Hilley against M. T. Eppler and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

S. W. Bishop, of Gorman, and J. R. Stubblefield, of Eastland, for appellants. W. E. Vaught and M. J. Smith, both of Gorman, for appellee.

SPEER, J. M. T. Eppler recovered a judgment against S. F. Hilley in the justice's court of precinct No. 5, Eastland county, for the sum of $150 and costs of suit. A writ of garnishment was issued in this cause against the First State Bank of Rochester, and the bank answered, admitting that it owed the defendant Hilley. This answer was controverted by the defendant, and the garnishment proceeding was transferred to the justice court of precinct No. 5, Haskell county, where the same was regularly tried and a judgment rendered in favor of the plaintiff against the defendant and the garnishee for the sum of $199.50, and the costs of suit. The defendant, Hilley, instituted this suit in the county court of Eastland county against the plaintiff M. T. Eppler and the garnishee, First State Bank of Rochester, for an injunction restraining the collection and enforcement of said judgments. There was trial before the court without a jury, and a decree entered in favor of the plaintiff, perpetually enjoining the collection of said judgments, and the defendants have appealed.

[1] The judgment in the garnishment case, including costs and attorney's fees, being in excess of $200 and less than $500, the county court of Eastland county had jurisdiction to determine its validity. Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389; Dean v. State, 88 Tex. 295, 30 S. W. 1047, 31 S. W. 185; Arnold v. McNinch, 56 Tex. Civ. App. 555, 121 S. W. 904; Lyons Bros. v. Corley (Tex. Civ. App.) 135 S. W. 603.

[2, 3] It is undisputed that appellee was a party to this garnishment proceeding, and appeared in the case controverting the truth of the garnishee's answer. He is therefore bound by the judgment entered, and his only remedy for errors committed was by appeal or writ of error regularly prosecuted, neither of which remedies he has pursued. The remedy by injunction cannot be made to take the place of such appeal. Of course, if the judgment in the garnishment case were absolutely void, appellee might attack it in the proper court, or even ignore it altogether, but there is nothing in the case to suggest that such judgment is void, since its alleged invalidity rests upon the fact that the judgment in the case out of which the garnishment proceedings arose is alleged to be void because the citation served on appellee was directed to the sheriff, or any constable of Comanche county, Tex., but was served by a constable of Eastland county. Necessarily the validity of appellants' judgment against appellee was an issue in the garnishment case, for without a judgment in the parent case appellant would not be entitled to recover as he did in the garnishment case. The validity of the Eastland county judgment was therefore determined in the garnishment case.

[4] The judgment of the county court is consequently reversed, and, the facts being undisputed, judgment is here rendered in favor of appellants, dismissing the appellee's cause of action. This order is made, however, without prejudice to the respective rights of the parties as to the validity of the Eastland county judgment, since the county court of Eastland county had no jurisdiction

to determine that question. See the authorities above cited.

Reversed and rendered.

CONNER, C. J., not sitting.