## RIPPLE v. McCOURY.

### No. 7468.

Court of Civil Appeals of Texas. Austin.

May 21, 1930.

G. A. Walters, of San Saba, for appellant.

F. R. Gray, of San Saba, for appellee.

BLAIR, J.

Appellee, McCoury, recovered judgment against one Hooten for $112.28 on a note and foreclosure of a mortgage lien on a cow, valued at $75, given to secure the note. Five days later appellant filed this suit in the county court for an injunction to restrain McCoury from issuing an order of sale on his judgment foreclosing the mortgage on the cow, alleging that the cow belonged to her; that McCoury knew this fact at all times, but did not make her a party to his suit against Hooten, who was alleged to have executed the mortgage without the knowledge or consent of appellant; and that she knew nothing of the mortgage or suit foreclosing it until after judgment was rendered, and learned of it through McCoury's threat to issue an order of sale and to sell the cow in satisfaction of the judgment. The cow was alleged to be worth $75, and appellant alleged her damages to be $100. A temporary injunction was issued as prayed, but was dissolved on appellee's demurrer or plea to the jurisdiction because the suit was an original proceeding in the county court, and the amount in controversy was less than $200, and also because the amount of the judgment in the justice court sought to be restrained was less than $200.

It is settled law that the county court has no jurisdiction to enjoin the enforcement of a justice court judgment, which is for less than $200. Specialty Service Corp. v. Arm-

strong (Tex. Civ. App.) 296 S. W. 958, and cases there cited.

█ It is also settled law that the jurisdiction of the county court is limited by the Constitution to suits where the amount in controversy exceeds $200, and does not exceed $1,000, and that this rule is applicable to its power to issue writs of injunction, which can only be issued where the amount in controversy exceeds $200 and does not exceed $1,000, except in those cases where the purpose of the injunction is to protect the county court's already acquired jurisdiction. Section 16 of article 5, Constitution of Texas. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Crowell v. Mickolasch (Tex. Civ. App.) 297 S. W. 234, and cases there cited. Appellant had her remedy by injunction in the district court under section 8 of article 5 of the Constitution of Texas, Arnold v. McNinch, 56 Tex. Civ. App. 555, 121 S. W. 904; Mebane Cotton Breeding Ass'n v. Sides (Tex. Civ. App.) 257 S. W. 302; or by an ordinary proceeding of trial of right of property under a claimant's oath and bond.

The judgment of the trial court is affirmed.

Affirmed.