## MITCHELL et al. v. DALLAS LOAN CO.

### No. 11288.

Court of Civil Appeals of Texas. Dallas.
July 13, 1932.

Rehearing Denied Sept. 10, 1932.

W. M. Harris and Horace Bishop, both of Dallas, and W. H. Graham, of Houston, for appellants.

Taylor & Irwin, of Dallas, for appellee.

LOONEY, J.

The Dallas Loan Company, vendor, sued Vera Mitchell and Beryl Peek, vendees, to recover the amount overdue and unpaid on a vendor's lien note given by defendants to plaintiff as part consideration for the conveyance (subject to outstanding incumbrances amounting to approximately $133,571.41) of a lot of land 100 by 185 feet at the corner of Colorado street and Marsalis avenue (Oak Cliff), city of Dallas, upon which is situated an apartment house, known as "Hillcrest Apartment," a brick and concrete structure of forty-eight apartments and a basement, garage, grocery store, barber shop, beauty parlor, cleaning and pressing shop, and all furnishings, furniture, and fixtures belonging or pertaining to the same; and to foreclose an express vendor's and trust deed lien upon said premises and the improvements thereon; also to foreclose the lien of a chattel mortgage upon the furniture, furnishings, etc., in said apartment building.

On verified allegations to the effect that the conditions of the lien contracts sued upon had been violated by defendants and that the properties involved were insufficient to discharge the mortgage indebtedness, plaintiff sought and obtained the appointment of a receiver for said Hillcrest Apartment properties, the court appointing M. M. Garrett receiver, investing him with the usual authority in such cases; that is, to possess, control, and manage the properties under the orders of court. No appeal was prosecuted from the order of court appointing the receiver, but later the receiver encountered trouble in obtaining complete possession, as Vera Mitchell declined to yield apartment No. 212, contending that the same was her homestead, and with this idea, and on allegations to that effect, made application to the court below for injunctive relief, restraining plaintiff and the receiver (until further orders of court) from interfering with her possession or right to enjoy apartment No. 212, and from taking any steps to oust her therefrom, etc. On a hearing the court refused the relief sought, from which it seems both defendants perfected appeal, but neither has briefed the case.

It is obvious that, if the receiver should be enjoined in the respect sought by defendants, the order of appointment would, in a measure, be nullified and in legal effect defendants would be permitted to recapture and enjoy the right of appeal which they lost by failing to perfect same. This, in our opinion, cannot be permitted; our courts have repeatedly held that the equitable remedy of injunction cannot be substituted for, or take the place of, the legal remedy of appeal. See Long v. Smith, 39 Tex. 161; Kyle v. Richardson, 31 Tex. Civ. App. 101, 71 S. W. 399; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565; Eppler v. Hilley (Tex. Civ. App.) 166 S. W. 87; Race v. Decker (Tex. Civ. App.) 214 S. W. 709.

Furthermore, defendants could not build a homestead estate superior to the rights of the vendor, as it is well settled in this state that, when there is an express reservation, in a conveyance of land, of the vendor's lien to secure payment of unpaid pur-

chase money, the superior title remains in the vendor, and the interest of the vendee therein, whether homestead or otherwise, is subordinate to the superior rights of the holder of the vendor's lien. See De Bruhl v. Maas, 54 Tex. 464; Roy v. Clarke, 75 Tex. 32, 33, 12 S. W. 845; Clitus v. Langford (Tex. Civ. App.) 24 S. W. 325; Floyd v. Hammond (Tex. Com. App.) 268 S. W. 146; Johnson v. Smith, 115 Tex. 193, 280 S. W. 158.

After a careful consideration of the case, we are of opinion that the court did not abuse its discretion in refusing the injunctive relief sought; hence its judgment is affirmed.

Affirmed.