## DR. L. D. LE GEAR MEDICINE CO. et al. v. HAIRSTON et al.

### No. 7978.

Court of Civil Appeals of Texas. Austin.

May 31, 1933.

O. H. Woodrow, of Sherman, for appellants.

BLAIR, Justice.

This appeal is from an order of the county court of San Saba county, granting a temporary injunction restraining appellant Dr. L. D. LeGear Medicine Company and the sheriff of San Saba county from levying upon certain personal property alleged to be the separate property of appellee Ethel Hairston, under a writ of execution issued out of a justice court of Grayson county, and placed in the hands of the sheriff of San Saba county by appellant medicine company to satisfy a judgment for $60.65 in favor of appellant medicine company against appellees, R. A. Hairston and his wife, Ethel Hairston, jointly; it being alleged by appellees as ground for the writ of injunction that the debt for which the judgment was rendered was a community debt, and that the separate property of appellee Ethel Hairston could not be legally seized and sold under the execution in satisfaction of such debt.

The temporary injunction must be dissolved, because the county court of San Saba county has no jurisdiction to enjoin the enforcement of the judgment of a justice court of Grayson county, which is for a sum less than $200. Specialty Service Corp. v. Armstrong (Tex. Civ. App.) 296 S. W. 958; U. O. Colson Co. v. Powell (Tex. Civ. App.) 13 S.W.(2d) 405; Ripple v. McCoury, 29 S.W. (2d) 436, 437, in which case this court held as follows: "It is also settled law that the jurisdiction of the county court is limited by the Constitution to suits where the amount in controversy exceeds $200, and does not exceed $1,000, and that this rule is applicable to its power to issue writs of injunction, which can only be issued where the amount in controversy exceeds $200 and does not exceed $1,000, except in those cases where the purpose of the injunction is to protect the county court's already acquired jurisdiction. Section 16 of article 5, Constitution of Texas, De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Crowell v. Mickolasch (Tex. Civ. App.) 297 S. W. 234, and cases there cited. Appellant had her remedy by injunction in the district court under section 8 of article 5 of the Constitution of Texas, Arnold v. McNinch, 56 Tex. Civ. App. 555, 121 S. W. 904; Mebane Cotton Breeding Ass'n v. Sides (Tex. Civ. App.) 257 S. W. 302; or by an ordinary proceeding of trial of right of property under a claimant's oath and bond."

The temporary injunction issued by the trial court should be and it is hereby dissolved.

Injunction dissolved.