### J. M. RADFORD GROCERY CO. v. WEDDLE et al.
### No. 3959.

Court of Civil Appeals of Texas. El Paso.

June 20, 1940.

W. E. Lessing, of Abilene, for appellant.

J. B. Cotten and John J. Watts, both of Crane, for appellees.

PRICE, Chief Justice.

This suit was instituted in the County Court of Crane County by C. A. Weddle and others against J. M. Radford Grocery Company and another. Plaintiff sought to restrain the enforcement of a judgment of the Justice's Court, Precinct No. 1, of Taylor County. Judgment was rendered permanently restraining the defendant Grocery Company (appellant here) from enforcing the judgment of the Taylor County Justice's Court, which was in its favor and against appellees. From this judgment the defendant Radford Grocery Company has duly perfected this appeal.

The petition of the plaintiff shows that the judgment, the enforcement of which was sought to be restrained, was rendered on the 22d day of April, 1938, but does not allege the amount thereof. It purports to have been rendered against appellees in a proceeding under Art. 3825, R.S., wherein appellant claimed that appellee Weddle, as Constable of Crane County, Precinct No. 1, failed to take proper steps as to an execution placed in his hands by appellant, which ran in favor of appellant. It might be added here that the appellees other than Weddle are sureties on Weddle's official bond as Constable. The agreed statement of facts shows that the judgment was in the sum of $116.18.

This case must be disposed of on the question of jurisdiction. In our opinion, under the Constitution, the County Court was without power to render the judgment appealed from.

The County Court of Crane County has no appellate jurisdiction over the judgment of a Justice's Court of Taylor County. However, the jurisdiction sought to be exercised here is original and not appellate.

A county court, independent of its appellate jurisdiction, is without power to enjoin the enforcement of the judgment of a Justice's Court, whether same be void or voidable, unless the amount in controversy exceeds $200. Constitution, Section 16 of Article 5, Vernon's Ann.St.; DeWitt

**314**

County v. Wischkemper, 95 Tex. 435, 67 S.W. 882; U. O. Colson Co. v. Powell, Tex.Civ.App., 13 S.W.2d 405; Boyd v. Adcock, Tex.Civ.App., 21 S.W.2d 743; Dr. Le Gear Medicine Co. v. Hairston, Tex.Civ.App., 62 S.W.2d 385.

Here it is clear the amount in controversy is less than $200.

We have confined ourselves to a mere citation of the applicable provisions of the Constitution. There is in 12 Texas Law Review, p. 457, an interesting discussion of the power of the County Court to issue writs of mandamus and injunction.

It is ordered that the judgment of the County Court is in all things reversed, the injunction dissolved, and that the cause be dismissed.