### N. W. MURPHY V. E. W. BOYT.

Application No. 26805. Decided February 10, 1943.
(168 S. W., 2d Series, 631.)

*Price Daniel,* of Liberty, for petitioner.

*Llewellyn & Dougharty,* of Liberty, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The Court of Civil Appeals dismissed this appeal because the transcript was not filed within sixty days after final judgment, as provided in Revised Statutes Article 1839, as amended in 1939.

The judgment recites that the case went to trial on the 30th day of September, 1940, "at a regular term of said court," and proceeded from day to day until the 2nd day of October,

1940, when the evidence was closed; that the court took the case under advisement "and on this the 30th day of October, 1940, at the same term of court," the court rendered judgment for the plaintiff. No motion for new trial was filed. The September term of the district court in Liberty County, where the case was tried, ended by operation of law on the 26th day of October, 1940, and the court was in vacation thereafter until and including October 30th. Revised Statutes Article 199, Section 75. The transcript was filed in the Court of Civil Appeals on the 27th day of December, 1940.

■ If the judgment was rendered as late as the last day of the September term of said court—that is, on October 26th—the transcript was not filed within the sixty-day period allowed by law (Revised Statutes Article 1839, as amended in 1939, Acts 1939, p. 58), and the court properly dismissed the appeal.

■■ If the judge attempted to render the judgment on October 30th, as recited therein, the same was invalid and is not binding because the court was then in vacation, and was without authority to render judgment. 3 Tex. Jur. 429; Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 88 Texas 468, 27 S. W. 100; Sinclair Ref. Co. v. McElree, 52 S. W. (2d) 679. An appeal will not lie from a purported judgment rendered in vacation, except where specifically authorized by statute. 3 Tex. Jur. 128; Ex parte Reeves, 100 Texas 617, 103 S. W. 481; Pittman v. Byars, 100 Texas 518, 101 S. W. 789; American National Ins. Co. v. Valley Reservoir & Canal Co. (Civ. App.), 209 S. W. 438. In view of the positive recitations of the judgment that the case went to trial in September, 1940, "at a regular term of said court," and that final judgment was rendered "at the same term of court," and the further fact that the caption to the transcript states that the proceedings were had at a term of court beginning on the 16th day of September, 1940, and ending on the 26th day of October, 1940, we cannot presume that the term, which expired by operation of law on October 26th, was extended, nor that the case was tried and judgment entered by agreement in vacation. Under such circumstances, no valid judgment having been rendered, the case is still pending on the docket of the trial court, and the Court of Civil Appeals properly dismissed the appeal.

■ If the judgment was rendered on October 26th during term time, but was not entered in the minutes until after the term had adjourned, it was entered without authority, and no appeal

could be prosecuted therefrom. 3 Tex. Jur. 103; Frankfurt v. Grayson, 68 S. W. (2d) 533; Cleburne National Bank v. Bowers, 113 S. W. (2d) 578; Consequently, the Court of Civil Appeals properly dismissed the appeal. The trial court can yet entertain a motion to enter judgment nunc pro tunc, and the time to perfect an appeal will begin to run from the entry thereof. Sigler v. Realty Bond & Mtg. Co., 138 S. W. (2d) 537, syl. 5; Palmo v. Slayden & Co., 100 Texas 13, 92 S. W. 796.

In all events, the Court of Civil Appeals properly dismissed the appeal. The application for writ of error is dismissed for want of merit.

Opinion delivered February 10, 1943.