**PINKSTON v. OGDEN.**

No. 4433.

Court of Civil Appeals of Texas. El Paso.

Nov. 8, 1945.

J. H. McBroom, of El Paso, and Jack Pinkston, in pro. per., of Dallas, for appellant.

No brief filed for appellee.

PRICE, Chief Justice.

This is a motion by Jack Pinkston for leave to file application for mandamus against Charles Roberts as Judge of the County Court of Andrews County and Sam Smith, County Clerk of said County. Pat Beene and O. O. Ogden are likewise named as respondents. Pinkston seeks to have a statement of facts approved to the end he may file same as part of the record on appeal.

Pinkston was defendant with others in a suit by O. O. Ogden filed in the County Court of Andrews County seeking to enjoin the enforcement of a judgment of the Justice of the Peace of Dallas County, Precinct No. 7, and of another judgment of said court in a garnishment proceeding based on the aforementioned judgment of the Justice's Court. The judgments against which such relief was sought were in a sum of less than $200. On presentation of the petition, the Judge of the County Court of Andrews County granted a temporary restraining order restraining the enforcement of the Dallas County judgments and set May 5, 1945, for hearing as to the temporary injunction.

Pinkston on May 4, 1945, filed a motion to dismiss Ogden's suit on the ground of lack of jurisdiction of the trial court. On the same date, he filed a plea of privilege in due form alleging his residence as Dallas County. On May 8, 1945, Ogden filed controverting affidavit to the plea of privilege.

On May 5, 1945, the court entered an order overruling Pinkston's motion to dismiss for lack of jurisdiction. On May 21, 1945, an order was entered overruling Pinkston's plea of privilege. Pinkston did not appear at this hearing and on the same date the court entered a final judgment in the cause perpetually enjoining Pinkston, the Dallas Justice of the Peace, and his successors in office and the Sheriff of Andrews County from seeking to enforce the

Dallas judgment. Pinkston did not appear in person or by attorney at this trial. On May 26, 1945, Pinkston filed notice of appeal to this court from the order of May 21, 1945, overruling his plea of privilege and continuing the temporary restraining order or temporary injunction in effect. On May 25, 1945, Pinkston filed his appeal bond herein. This bond describes the order appealed from as rendered May 5, 1945, and as overruling the motion to dismiss for lack of jurisdiction and to dismiss the temporary restraining order or temporary injunction. The record, as heretofore recited, is shown by transcript filed in this court May 31, 1945, and the supplemental transcript filed June 10, 1945. These filings were by leave of this court.

On four separate occasions Pinkston in due time has filed in this court application for an extension of time within which to file his statement of facts, each of which applications were granted by this court. Rule 377, Texas Rules of Civil Procedure governs here. There is not shown that a tender of the statement of facts as prepared by Pinkston has ever been made to the County Judge to the end that he either approve same or make same conform to the truth as provided in Section (d) of the said Rule. It is not shown that a copy of the proposed statement of facts prepared by Pinkston has ever been furnished to respondent Beene, the attorney of record for Ogden. It is shown, however, that what seems to have been intended as the original was shown to him and he refused to agree to same. The County Clerk has not so far as is shown by the motion and application refused to perform in the premises any legal duty owing Pinkston. There has been a rather patient effort to obtain a statement of facts, but there has not been such a substantial compliance with the governing rule as would justify us in awarding the writ of mandamus sought. If, however, it were thought Pinkston would be in any substantial way handicapped in the presentation of his appeal, we would again extend the time for filing of the statement of facts to the end that he might take proper steps to comply with the rule in question. Even though the judgment entered be void on its face, this should not deprive one of the right to a statement of facts on appeal, but to obtain same, compliance with the applicable Rule must be shown.

There has been an appeal bond of a sort filed here. It is perhaps our duty to exercise jurisdiction. Grogan Manufacturing Co. v. Lane, 146 Tex. 507, 169 S.W.2d 141.

No place in the record is it shown a temporary injunction was granted. In the order of May 5, 1945, there is a reference to continuing the temporary injunction in effect until the plea of privilege had been heard. This reference is, we think, to the temporary restraining order. If there had been a temporary injunction granted, the question is now perhaps moot for the reason that final judgment has been entered in the case; and permanent injunction rather than temporary injunction has been awarded. However, the serious question presented by the appeal is whether or not the County Court had power to enter any other judgment than one of dismissal for lack of jurisdiction. The determination of this question does not depend upon the filing of a statement of facts.

It is ordered that leave to file application be denied.

## On the Merits.

This is an appeal from purported judgments of the County Court of Andrews County. The parties hereto will be designated by their surnames.

Ogden, as plaintiff, on the 24th day of April, 1945, filed suit against Pinkston in the County Court of Andrews County. A summary of the petition is, we think, necessary. Ogden's petition alleged that Pinkston filed suit against Ogden in the Justice Court, Precinct No. 7, of Dallas County, to recover the sum of $89.09, together with attorney's fees and $15 collection fees; that on June 5, 1944, Ogden filed answer to suit; that on June 17, 1944, the court entered judgment by default against Ogden in the sum of $119.09. Ogden alleges that he perfected an appeal from this judgment to the County Court at Law of Dallas County, No. 2; that he likewise filed a bill of review in the justice court, further that Pinkston thereafter filed in said justice court a garnishment proceeding, No. 9767, based on the default judgment in cause No. 9443. It was also alleged that cause No. 9443 had been dismissed before the filing of the garnishment suit, but despite that fact the justice on the 21st day of April, 1945, entered judgment against the garnishee, the First National Bank of Midland, in the amount of the judgment in cause No. 9443. Judgment was sought enjoining W. E. Richberger, Justice of Peace, Precinct No. 7, Dallas County, from issuing any further execution order or garnishment proceeding

based on the judgment in cause No. 9443; enjoining Pinkston from seeking to collect any money under either cause 9443 or cause No. 9767, and the First National Bank of Midland from paying into the Justice Court any moneys belonging to Ogden; enjoining F. E. Peacock, as Sheriff of Andrews County, from executing any writs or orders issuing in cause No. 9443.

On April 23, 1945, the Judge of the County Court of Andrews County issued a temporary restraining order substantially as sought against the bank and all of the above named persons, with an order to show cause on Pinkston why a temporary injunction be not issued, returnable on the 5th day of May. On May 7th, 1945, Ogden filed a controverting affidavit to this plea; on May 8, 1945, the court entered an order overruling a plea to jurisdiction, but continuing what was denominated as a temporary injunction in force until the plea of privilege was tried. On May 19, 1945, Pinkston filed an answer subject to his plea to the jurisdiction and plea of privilege. On May 21, 1945, the court entered an order overruling the plea of privilege, and on the same day entered final judgment granting to Ogden a permanent injunction against Pinkston and the other parties heretofore named herein, in substantially the same terms as that of the temporary restraining order. On May 25, 1945, Pinkston filed an appeal bond, describing the judgment appealed from as the order of May 5, 1945. On May 26, 1945, Pinkston filed in the cause notice of appeal as to the judgment order of May 21, 1945, overruling the plea of privilege, and as to the order continuing the temporary injunction in effect.

From the orders entered it appears that while Pinkston had filed pleadings in all of the above named proceedings, he was not personally present or represented by counsel when any of the above orders were made. The case is before this court on the transcript alone. The caption to the transcript recites the proceedings took place at a special term of the county court of Andrews County, State of Texas, which began in said county on the 23rd day of April, 1945, and which terminated on the 21st day of May, 1945.

■ Ogden has filed a motion praying that the cause be dismissed at the cost of Pinkston, on grounds that appeal has heretofore been taken from the judgment of the Dallas Justice Court to the County Court at Law of Dallas County, and by that court has been finally decided. This motion is not verified by affidavit. The photostatic copies of letters attached to the motion in no way tend to establish the fact allegation thereof. They purport to be photostatic copies of two letters, the authenticity of which is not vouched for by any certificate. These would not constitute official documents if certified to. However, we think the final judgment in the cause should be reversed and the cause dismissed.

■ There is some doubt as to the jurisdiction of this court in the case. It is stated in the caption of the transcript that the proceedings were had at a special term of the county court. We know of no authority for a judge of the county court in civil or criminal matters to call a special term, in fact, the Supreme Court has held that no such power exists. Ex parte Reeves, 100 Tex. 617, 103 S.W. 478; Murphy v. Boyt, 140 Tex. 382, 168 S.W.2d 631.

Article 5, Section 29 of the Constitution, Vernon's Ann.St., provides for the terms of the county court. However, we shall presume that the Commissioners' Court had lawfully provided for a term of the county court commencing on the 23rd day of April and ending on the 21st day of May, 1945. It is noted that the final judgment in this cause was entered on the last day of the term, if such term there was.

■ The judgment the enforcement of which was sought to be enjoined was in a sum less than $200. Ogden plead that his damages were in the sum of $150. A county court has no original jurisdiction over a cause of action where less than $200 is involved. Constitution of Texas, art. 5, § 16; DeWitt County v. Wischkemper, 95 Tex. 435, 67 S.W. 882; Ripple v. McCoury, Tex.Civ.App., 29 S.W.2d 436; J. M. Radford Grocery Co. v. Weddle, Tex.Civ.App., 142 S.W.2d 313.

■ The County Court of Andrews County was without power to enter any judgment other than a dismissal in this cause. Whether we entertain jurisdiction or dismiss, the result will be the same, save as to the question of costs.

It is ordered that the judgment of the County Court rendered on the 21st day of May, 1945, granting a permanent injunction, be and the same is hereby reversed and the case dismissed; costs in the trial court and on appeal are taxed against Ogden.