**CONSOLIDATED FURNITURE COMPANY, Inc., et al., Appellants,**

v.

**Marion Lee KELLY, Appellee.**

No. 13933.

Court of Civil Appeals of Texas.

Houston.

June 7, 1962.

Rehearing Denied July 12, 1962.

The Kempers, Houston, John D. Richardson, Houston, of counsel, for appellants.

Richard H. Powell, Paul A. Tucker, Houston, for appellee.

COLEMAN, Justice.

This is a suit to recover damages for personal injuries sustained in an automobile collision. The cause was submitted to a jury on special issues, and the court rendered a judgment for the plaintiff based on the jury verdict.

Appellee has filed a motion to dismiss this appeal for the reason that neither the supersedeas bond nor the transcript was filed within the time required by Rules 356 and 386, Texas Rules of Civil Procedure.

The judgment was rendered and signed on June 12, 1961. Defendants' original motion for new trial was filed June 20, 1961. It is appellee's contention that this motion for new trial was overruled by operation of law on August 4, 1961. The bond was filed September 8, 1961, and the transcript October 23, 1961. Appellants filed an amended motion for new trial on July 10, 1961, which was within 20 days after filing their original motion for new trial and within 30 days after the judgment was rendered and entered. The amended motion for new trial does not recite that it was filed with permission of the trial court. Evidence has been presented to this Court in the form of affidavits and otherwise pertaining to the question of our jurisdiction. It appears that leave of court was not sought or granted. The motion was never presented to the trial court, and no order granting or denying the motion was entered. If this amended motion can be considered, it was overruled by operation of law August 24, 1961, and the bond and transcript were filed within the time required by the rules.

Rule 329–b provides that an original motion for new trial may be amended by leave of court. It further provides that it shall be the duty of the proponent to present the same to the court within 30 days after the date of filing. We think the purpose of these provisions of the Rule was to give the trial court an opportunity to correct any errors pointed out to him, if they can be corrected. In the event the errors are such that the trial court cannot correct them, then it seems that it was intended that the trial court should have the opportunity to grant a new trial, thereby expediting the final disposition of the action at less expense to the litigants. If an amended motion for new trial may be filed without securing leave of court, and thereafter such motion, not having been presented to the court and no ruling on the motion having been secured, is considered overruled by operation of law after 45 days, those important benefits to be secured by reason of the rule discussed above cannot be realized.

Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, a carefully considered opinion adopted by the Supreme Court of Texas, held:

"Subdivision 29 in exact and particular language defines the conditions upon which a motion for new trial may be amended. They are: First, that leave of court must be obtained; second, that it can be amended only before it is acted upon; and, third, that the amendment must be made within 20 days after the filing of the motion. Only on these terms is amendment permitted."

This holding was re-examined by the Supreme Court in W. C. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256. In an opinion by Justice Smedley, who also wrote the Dallas Storage & Warehouse case, the Court pointed out that the question of leave to amend was not involved in the Dallas Storage & Warehouse case, and held:

"In view of the authorities last cited, it is our opinion that the amended motion for new trial is not to be treated as a nullity on account of failure first to obtain leave to file it, and that the effect of the court's order overruling petitioner's motion for new trial was to determine that petitioner was entitled to file the amended motion, or thus, after the motion had been filed, to give permission for its filing. * * * There remains only the irregularity that the transcript does not show that petitioner obtained, before or at the time when the amended motion was filed, leave of court to file it. This irregularity, or failure to comply with the rules, we think was cured by the trial court's action in entertaining the motion and overruling it."

■ Rule 329–b, Sec. 2, provides: "An original motion for new trial filed within said ten (10) day period may be amended by leave of court. * * *" If we hold that an amended motion filed without leave of court, where no circumstances appear from which leave of court can be implied, is effective as a basis for appeal, we are eliminating that requirement from the rule.

In the recent case of Holt v. Purviance, 347 S.W.2d 321, writ ref., n. r. e., the Court of Civil Appeals overruled appellee's motion to dismiss based on a contention that appellant's appeal bond was not timely filed because there was nothing in the record to show that appellant obtained leave of court before filing his amended motion for new trial. The amended motion was not called to the attention of the trial court. It appears that after the case had been dismissed for the reason that no final judgment had been entered, the trial court entered an order nunc pro tunc reciting that certain parties, who were not mentioned in the judgment from which the appeal was taken, had been previously dismissed from the case. The Court of Civil Appeals then sustained a motion for rehearing and set aside the judgment of dismissal and proceeded to determine the case on its merits. It appears, therefore, that the Court of Civil Appeals had jurisdiction of the case since the time for preparing the appeal begins to run from the date of the nunc pro tunc order. Murphy v. Boyt, 140 Tex. 382, 168 S.W.2d 631; Panhandle Construction Company v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068; Sigler v. Realty Bond and Mortgage Co., 135 Tex. 76, 138 S.W.2d 537. The court followed the holdings of Sessions v. Whitcomb, Tex.Civ.App., 329 S.W.2d 470 and Heavy Haulers, Inc. v. Nicholson, Tex.Civ.App., 277 S.W.2d 250. The Sessions case held that the summary judgment and the nunc pro tunc decree considered together, in light of the recitations contained therein, constituted one final judgment and, since a notice of appeal was contained in the summary judgment, no notice of appeal was necessary after the nunc pro tunc decree. The Heavy Haulers, Inc. case held:

"Such nunc pro tunc judgment evidences a final judgment of the trial court, and this Court accordingly sets aside its order of dismissal heretofore entered, and within the provisions of Rule 306c, T.R.C.P. considers the appeal heretofore perfected *as an appeal from the judgment as reflected by such*

*nunc pro tunc decree."* (emphasis added)

Rule 306c, T.R.C.P., provides:

"No motion for new trial or appeal bond or affidavit in lieu thereof shall be held ineffective because prematurely filed, but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails; and every such appeal bond or affidavit shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed."

The opinion of the court in the Holt case reflects that the point of error on which the judgment of the trial court was reversed was presented in appellant's original motion for new trial. We conclude, therefore, that the discussion in the Holt case, of the necessity for obtaining leave of court before filing an amended motion for new trial, was not necessary to the decision in that case.

Since appellants' bond was filed more than 30 days from the date their original motion for new trial was overruled by operation of law, this Court has no jurisdiction of this appeal and it must be dismissed.

Appeal dismissed for want of jurisdiction.